**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**JAVIER ONOFRE PENA,**

                              **Plaintiff,**                        **MEMORANDUM**
                                                                             **AND ORDER**

          -against-                                                    21-CV-3697 (MKB)

**ARMANDO MUNOZ, et al.,**

                              **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        On October 26, 2021, after this Court approved the parties' agreed-upon Notice of Collective Action (DE #26) and ordered defendants to produce, by November 15, 2021, contact information for members of the collective (DE #24), plaintiff moved to compel defendants to produce the overdue contact information (DE #27). In response to plaintiff's motion to compel, Miguel A. Terc and the Terc Law Office, and Adam Lease and Karpf, Karpf & Cerutti, P.C., counsel for defendants Rafael Hernandez, Luis Martinez, Armando Munoz, and Tex Mex II Inc., have moved to withdraw on several grounds. See DE #28, DE #30.

        District courts have considerable discretion in deciding a motion for withdrawal of counsel. Dasrath v. City of New York, 15-CV-766 (AMD), 2016 WL 11671528, at *2 (E.D.N.Y. Apr. 25, 2016). Local Civil Rule 1.4 provides that: "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for

withdrawal . . . ."  S.D.N.Y./E.D.N.Y. Local Civ. R. 1.4.  For the reasons that follow, this Court, exercising its discretion, concludes that counsel have not shown satisfactory reasons for withdrawal.

First, counsel states that telephone messages and text messages Mr. Terc sent to defendant Munoz, who is acting on behalf of all defendants, have gone unreturned and counsel have been unable to contact him.  Although satisfactory reasons for withdrawal include a client's lack of cooperation or communication with counsel, here, counsel fails to provide any detail regarding when they most recently had contact with defendant Munoz or their unsuccessful attempts to reach him.  Similarly, the movants provide no information regarding their apparently unsuccessful efforts to convince Munoz to cooperate in producing court-ordered discovery.  Counsel have not demonstrated that their differences in strategy with defendants has created an irreconcilable breakdown in the attorney-client relationship.  See generally Munoz v. City of New York, 04 Civ. 1105(JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) ("The law firm has shown good cause for withdrawal based on the lack of communication with the plaintiff and the acrimonious relationship that has developed between the law firm and the plaintiff."); Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc., No. 01 Civ. 2950(DAB), 2005 WL 1963945, at *2 (S.D.N.Y. Aug. 15, 2005) (requiring "strong evidence of a strained attorney-client relationship" for an attorney to withdraw).

In addition, counsel's admissions that they have never had any "communication (directly or indirectly) with Defendants Hernandez and Martinez" raise serious questions as to whether an attorney-client relationship exists between counsel and those defendants.  See DE

#28 ¶ 8; DE #30-1 ¶ 6. At a minimum, counsel's conduct is inconsistent with their ethical obligations under the New York Rules of Professional Conduct. Those rules require counsel to "reasonably consult with a client about the means by which the client's objectives are to be accomplished"; to "keep a client reasonably informed about the status of a matter"; and to "communicate to a client the scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible[.]" N.Y. Rules of Prof. Conduct, Rule 1.4(a), 1.5(b), 22 N.Y.C.R.R. § 1200.0.

Mr. Lease further claims that because defendant Munoz speaks only Spanish, and Mr. Lease does not, he "cannot effectively communicate with Defendants." DE #28 ¶ 11. This is an insufficient basis for withdrawal since the language barrier is easily overcome. See Singh v. Lintech Electric, Inc., 18 CV 5780 (FB)(LB), 2021 WL 3914478, at *8 (E.D.N.Y. July 20, 2021) (in ordering sanctions against counsel for failure to produce discovery, observing that: "Counsel should have obtained the services of a professional interpreter to ensure clear communication with his client."), adopted, 2021 WL 3912416 (E.D.N.Y. Sept. 1, 2021).

As to Mr. Terc's medical condition, the Court has insufficient information to determine the severity of his condition and whether his disability provides good cause for his withdrawal, as opposed to a continuance. Accordingly, the motions of Miguel A. Terc and the Terc Law Office, and Adam Lease and Karpf, Karpf & Cerutti, P.C., are denied without prejudice.

In the interim, plaintiff's unopposed motion to compel defendants to produce contact information for members of the collective is granted. Defendants are directed, on pain of sanctions, including contempt and/or striking defendants' Answer, to provide the discovery sought by plaintiff, and previously ordered by the Court, by December 6, 2021. Defendants

are also directed to provide their counsel with their complete contact information and to cooperate with their counsel in this action. Defendants' counsel is directed to promptly have this Order translated into Spanish, file a copy of the translation with the Court, and deliver it to defendants at their place of business.

    SO ORDERED.

Dated:    Brooklyn, New York
            November 19, 2021

                    /s/ *Roanne L. Mann*
                  **ROANNE L. MANN**
                  **UNITED STATES MAGISTRATE JUDGE**